IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN AUTO & HOME INSURANCE AGENCY, INC., a Rhode Island corporation, a/s/o ADAM and THERESA UNDERHILL, ) ) ) ) ) | |
| Plaintiffs, ) ) ) | Court No.: _____ |
| v. ) ) | JURY DEMANDED. |
| ELECTROLUX HOME CARE PRODUCTS, INC., a Delaware corporation, ) ) ) | |
| Defendant. ) ) | |

## COMPLAINT

Now comes the plaintiff, METROPOLITAN AUTO & HOME INSURANCE AGENCY, INC. as subrogee of ADAM AND THERESA UNDERHILL (hereinafter "MetLife"), by and through its attorneys, FORAN GLENNON PALANDECH PONZI & RUDLOFF, PC, and in furtherance of its Complaint against Defendant ELECTROLUX HOME CARE PRODUCTS, INC. (hereinafter "Electrolux"), state as follows:

### INTRODUCTION and COMMON ALLEGATIONS

1.  At all times relevant, MetLife was a corporation existing under the laws of the State of Rhode Island, having its principle place of business at 700 Quaker Lane, Warwick, Rhode Island. At all times relevant, MetLife was authorized and licensed to sell insurance services within the State of Illinois.

2.      At all times relevant, ADAM and THERESA UNDERHILL ("Underhills") were residents of Illinois who owned a home located at 1425 Sherborn Ct. South, Minooka, IL 60447 in Grundy County, IL ("the subject Property").

3.      At all times relevant, Defendant Electrolux was a corporation existing under the laws of the State of Delaware with its principle place of business located at 20445 Emerald Parkway SW, #250, Cleveland, OH 44135 in Cuyahoga County, OH.

4.      At all times relevant, MetLife policy no. 12H299020575-0 ("Policy") was in force and effect, issued to the Underhills, and insuring the subject Property against loss caused by physical damage to personal and real property caused by, *inter alia*, fire.

5.      Prior to December 19, 2009, the Underhills purchased a Frigidaire natural gas-fired clothing dryer, product number GLGQ332AS4, model number 417.44102300, serial number XC44908911 ("the subject Dryer").

6.      Upon information and belief, the subject Dryer was designed, manufactured, and sold by Defendant Electrolux under the Frigidaire brand name.

7.      This action arises out of damage to the subject Property sustained on or before December 19, 2009, resulting from the subject Dryer malfunctioning and igniting itself and damaging surrounding portions of the subject Property and other items ("the Fire").

8.      Pursuant to the Policy, the Underhills made a claim seeking indemnification and reimbursement from MetLife for the damages to real and personal property resulting from the Fire. MetLife has paid to or on behalf of the Underhills an amount in excess of $100,000.00 for the damage to real and personal property caused by the Fire. Pursuant to the terms of the Policy, MetLife is the bona fide subrogee of the Underhills.

9. Prior to December 19, 2009, Electrolux designed, manufactured and distributed the subject Dryer to Sears Roebuck & Co. for sale to the general public.

10. Prior to December 19, 2009, the subject Dryer left Electrolux's possession and control in the same condition it was in when purchased by the Underhills.

## JURISDICTION AND VENUE

11. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $100,000, exclusive of interest and costs and is a civil action between citizens of different states, the Plaintiff being a Rhode Island company with its principal place of business in Rhode Island and the Defendant being incorporated in Delaware and having its principal place of business in Ohio.

12. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and (3) in that a substantial part of the events or omissions giving rise to the claims occurred in and within the jurisdiction of this Honorable Court, and the Defendant does business and derive substantial profits from operations within the State of Illinois.

## COUNT I- NEGLIGENCE

13. Plaintiff adopts, re-alleges and incorporates herein by this reference, the paragraphs 1-12 inclusive as though each were fully set forth in this Count I.

14. At all times relevant, Defendant Electrolux owed Plaintiff a duty to exercise reasonable care in the design and manufacture of the subject Dryer.

15. Notwithstanding the aforesaid duty and in breach thereof, Defendant Electrolux committed one or more of the following negligent acts and/or omissions:

- a. Carelessly, negligently, and improperly designed and manufactured the subject Dryer in such a way as to cause lint to accumulate in areas within the subject Dryer where it was unobservable and concealed from the consumer;

    b. Carelessly, negligently, and improperly designed and manufactured the subject Dryer in such a way as to cause lint to accumulate in close proximity to the gas-powered burner within the subject Dryer;

    c. Carelessly, negligently, and improperly designed and manufactured the subject Dryer in such a way as to allow lint to ignite from the gas-powered burner within the subject Dryer;

    e. Carelessly, negligently, and improperly designed and manufactured the subject Dryer in such a way as to allow ignited lint to pass through the interior drum and reach flammable components within the subject Dryer;

    f. Carelessly, negligently, and improperly designed and manufactured the subject Dryer in such a way as to allow ignited lint to pass through the lint trap and reach flammable components within the subject Dryer;

    g. Carelessly, negligently, and improperly designed and manufactured the subject Dryer with flammable components including, but not limited to, a plastic blower housing and plastic exhaust duct;

    h. Carelessly, negligently, and improperly designed and manufactured the subject Dryer with insufficient drum seals;

    i. Carelessly, negligently, and improperly designed and manufactured the subject Dryer with insufficient airflow;

    j. Carelessly, negligently and improperly failed to provide the general public and consumers, including the Underhills, with adequate installation, operation, cleaning and maintenance instructions;

    k. Carelessly, negligently and improperly failed to provide adequate warnings to the general public and consumers, including the Underhills, of the aforementioned defective design and manufacturing issues;

    l. Carelessly, negligently and improperly failed to provide adequate warnings to the general public and consumers, including the Underhills, of the propensity of the subject Dryer to cause and/or catch fire one;

    m.     Was otherwise careless and negligent.

16. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Electrolux, Plaintiff suffered damage to real and personal property in excess of $100,000.00.

4

WHEREFORE METROPOLITAN AUTO & HOME INSURANCE AGENCY, INC. as subrogee of ADAM AND THERESA UNDERHILL respectfully requests judgment be entered in its favor and against Defendant ELECTROLUX HOME CARE PRODUCTS, INC. in an amount in excess of $100,000.00, plus costs, attorney's fees, pre-judgment interest, post-judgment interest, and for such other and further relief as this Honorable Court deems just.

## COUNT II – STRICT PRODUCT LIABILITY

17. Plaintiff adopts, re-alleges and incorporates herein by this reference, the paragraphs 1-12 inclusive as though each were fully set forth in this Count II.

18. The subject Dryer was designed and manufactured by Electrolux for resale to the public at large.

19. The subject Dryer reach the general public and consumers, including the Underhills, in substantially the same condition in as when it was designed, manufactured, marketed, and sold by Electrolux.

20. Electrolux marketed its products, including the subject Dryer, to members of the general public, including the Underhills, who were ordinary users of the subject Dryer.

21. The Underhills purchased and used the subject Dryer for its intended purpose and in the condition in which the subject Dryer was designed, manufactured, marketed, sold and distributed by Electrolux

22. The subject Dryer was unreasonably dangerous and defective in that it was susceptible to igniting and/or causing fire when operated as intended by consumers, including the Underhills.

23.     Electrolux failed to warn foreseeable users, including the Underhills, of the defective and unreasonably dangerous condition of the subject Dryer, and the risks generated by the subject Dryer through its normal and intended use.

24.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Dryer, the Fire occurred and caused catastrophic damages to Plaintiff's real and personal property in excess of $100,000.00.

WHEREFORE METROPOLITAN AUTO & HOME INSURANCE AGENCY, INC. as subrogee of ADAM AND THERESA UNDERHILL respectfully requests judgment be entered in its favor and against Defendant ELECTROLUX HOME CARE PRODUCTS, INC. in an amount in excess of $100,000.00, plus costs, attorney's fees, pre-judgment interest, post-judgment interest, and for such other and further relief as this Honorable Court deems just

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Date:  December 16, 2011

>Respectfully Submitted,
>
>/s/ Douglas A. Lange
>Douglas A. Lange
>Thomas B. Orlando
>FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
>222 N. LaSalle Street
>Suite 1400
>Chicago, IL 60601
>Phone: 312-863-5000
>Fax: 312-863-5099
>**Attorneys for METROPOLITAN AUTO & HOME INSURANCE AGENCY**